Pearson, J.
 

 After the plaintiffs had abandoned the count against the defendants as bailees for hire, “ the gist” of which was negligence, it would seem that the evidence of the witness rejected, was immaterial, for upon the other count, the question of negligence did not arise; but as the witness was rejected upon the ground of incompetency, because of interest, the defendants are at liberty to avail themselves of the exception.
 

 This Court is of opinion that the release was sufficient. Considering it as an act of the firm, by two of its members, we incline to the opinion that it was valid, although done “ by a deed,” for there is a distinction between the power of a partner to bind the firm to pay money, or to do any other act
 
 by way of contract,
 
 (in which cases it cannot be done by deed, for the reason, that the question in respect to the consideration, would be thereby concluded,) and the power to grant an acquittance, or
 
 execute a release;
 
 for no consideration is necessary to give effect to these acts, and they can only be done by deed.
 

 But in the second place, considering the release as the deed of the two members of the firm, by whom it was executed, it clearly has the effect of binding them so as to bar any action that they might institute; and it is equally clear that the
 
 *265
 
 other member could not maintain an action without joining them ; in which case the release of two of the plaintiff's would be a bar to the action.
 

 There is error. A
 
 venire de novo
 
 is awarded.
 

 Pee CubiaM, . Judgment reversed.